**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

ATOMIC HILL, JR.
ADC #110189                                                                                          PLAINTIFF

V.                                       2:10CV00004 DPM/JTR

MOSES JACKSON, Captain,
East Arkansas Regional Unit, ADC, et al.                                            DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence to be proffered at the requested hearing before the

        United States District Judge was not offered at the hearing before the Magistrate Judge.

3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

        Clerk, United States District Court
        Eastern District of Arkansas
        600 West Capitol Avenue, Suite A149
        Little Rock, AR 72201-3325

### I. Introduction

Plaintiff, Atomic Hill, Jr., who is a prisoner in the Arkansas Department of Correction, has commenced this § 1983 action alleging that Defendants failed to protect him from being attacked by another inmate while he was housed in the East Arkansas Regional Unit ("EARU"). *See* docket entries #3 and #7.

Defendants have filed a Motion for Summary Judgment, a Brief in Support, and a Statement of Undisputed Facts. *See* docket entries #35, #36, and #37. Plaintiff has filed a Response, a Brief in Support, and a Statement of Disputed Facts. *See* docket entries #40, #41, and #42.

Before discussing the merits of the Motion, the Court will summarize the relevant, undisputed facts:

1.      On May 8, 2009, Defendant Captain Moses Jackson, III, transferred Plaintiff from

a single-man cell to a two-man cell at the EARU.[1]  *See* docket entries #37 and #42.  At that time, no other inmate was assigned to Plaintiff's two-man cell.  *Id.*

2.     On May 8 and 9, 2009, Plaintiff filed two emergency grievances stating that he wanted a single-man cell because he had "a history of having homicidal thoughts/tendencies when being housed with another inmate." *See* docket entry #42, Exs. B and C.  Those grievances were denied because no other inmate was assigned to Plaintiff's two-man cell, and Plaintiff was having weekly mental health counseling sessions with Defendant Albert McKinney.[2]  *Id.*

3.     On May 15, 2009, Defendant Jackson moved inmate Travis Williams into the two-man cell with Plaintiff.  *See* docket entries #37 and #42.  Prior to doing so, Defendant Jackson verified that: (a) Williams and Plaintiff were *not* on each other's enemy alert lists; (b) they had no prior verbal or physical altercations with each other; and (c) they had not filed grievances against each other, or otherwise expressed concerns about being around each other.  *See* docket entry #37, Ex. 3.

4.     Approximately five to ten minutes after entering the cell, Williams attacked Plaintiff with a razor.  *See* docket entries #37 and #42.  Importantly, Plaintiff admitted, in his deposition and affidavit, that Williams attacked him *without any warning or provocation. See* docket entry #37, Ex. 4; docket entry #42, Ex. N.  The two inmates fought for approximately two to three minutes before security stopped the altercation, put both inmates in handcuffs, and removed them from the cell.  *See* docket entries #37 and #42.

5.     Plaintiff was immediately taken to the infirmary where he was treated for several

---

[1] It is unclear why Plaintiff was housed in a single-man cell.

[2] Plaintiff also claims that he orally reported his homicidal thoughts to Defendants Clemmons, Allen, and McKinney.  *See* docket entries #41 and #42.

superficial cuts and scratches. *See* docket entry #42, Ex. F. A nurse cleaned Plaintiff's wounds, applied steristrips, and ordered a tetanus shot. *Id.*

6.      Later that day, Plaintiff and Williams were placed on each other's enemy alert lists, such that they can no longer work, attend recreation functions, or live together. *See* docket entry #42, Ex. G. It does not appear that the two inmates have had any contact with each other since the May 15, 2009 incident.[3]

## II. Discussion

Defendants argue that they are entitled to summary judgment on the merits of the failure to protect claim that Plaintiff has raised against them. *See* docket entries #35 and #36. This argument is well taken.[4]

The Supreme Court has clarified that being assaulted by another inmate is not "part of the penalty that criminal offenders [must] pay for their offenses." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Thus, the Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to "take reasonable measures to guarantee" inmate safety by protecting them from attacks by other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). However, prison

---

[3] Thereafter, Williams received a disciplinary conviction for attacking Plaintiff on May 15, 2009. *See* docket entry #42, Ex. E. As punishment, he was reduced in class and ordered to spend thirty days in punitive isolation. *Id.*

[4] It is well settled that summary judgment should only be granted when the record, viewed in a light most favorable to the nonmoving party, shows that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of informing the court of its basis for the motion and identifying the parts of the record that show lack of a genuine issue. *Celotex,* 477 U.S. at 323. To defeat a motion for summary judgment, the nonmoving party must go beyond the pleadings and establish "by affidavits, or by the depositions, answers to interrogatories, and admissions on file," that specific facts show a genuine issue for trial exists. *See* Fed R. Civ. P. 56(c); *Celotex,* 477 U.S. 324.

officials do not commit a constitutional violation every time a prisoner attacks another. *Young v. Selk*, 508 F.3d 868, 871 (8th Cir. 2007); *Blades v. Schuetzle*, 302 F.3d 801, 803-04 (8th Cir. 2002). Instead, to prevail on a failure to protect claim, a prisoner must demonstrate that: (1) objectively, there was a substantial risk of serious harm; and (2) subjectively, the defendants knew of and disregarded that substantial risk of serious harm. *Lenz v. Wade*, 490 F.3d 991, 995-996 (8th Cir. 2007); *Crow v. Montgomery,* 403 F.3d 598, 601 (8th Cir. 2005).

As previously discussed, the parties *agree* that Williams and Plaintiff had no prior verbal or physical altercations, and that Williams' May 15, 2009 attack on Plaintiff was a surprise. *See Curry v. Crist,* 226 F.3d 974, 979 (8th Cir. 2000) (affirming summary judgment where a prisoner was injured during a surprise attack by another inmate); *Jackson v. Everett,* 140 F.3d 1149, 1151 (8th Cir. 1998) (same). Thus, it is undisputed that Williams did not a pose a substantial risk of harm *to Plaintiff.*

Instead, Plaintiff argues that Defendants should have known that Williams was, *in general,* a violent prisoner that should have not been placed in a two-man cell with any other inmate. *See* docket entries #3, #7, #40, and #41. In support of that argument, Plaintiff has produced an unsigned disciplinary charge accusing Williams of chasing inmate Smith (who is another EARU inmate) with a shank. *See* docket entry #42, Ex. D.  The alleged incident between Williams and Smith occurred on April 20, 2009, which was approximately one month before Williams attacked Plaintiff on May 15, 2009. *Id.*

Plaintiff has not clarified whether Williams was convicted of the disciplinary charge accusing him of chasing Smith with a shank. Additionally, it is unclear whether there was any "bad blood" between Smith and Williams, or whether the April 20, 2009 incident was provoked by Smith.

Further, this alleged single aggressive act, standing alone, was insufficient to objectively create a substantial risk that Williams would harm Plaintiff or any other EARU inmate. *See Falls v. Nesbitt*, 966 F.2d 375, 378 (8th Cir. 1992) (explaining that, ordinarily, a "single incident or isolated incidents" of aggression do not create a substantial risk that an inmate will harm another prisoner); *Schoelch v. Mitchell*, 625 F.3d 1041, 1047-48 (8th Cir. 2010) (affirming summary judgment on a failure to protect claim where a prisoner had fought with two other inmates in the year prior to his surprise attack on the plaintiff).

More importantly, Plaintiff has failed to come forward with any evidence demonstrating that Defendants were *actually aware* of Williams' alleged prior attack on Smith. It is well settled that, to satisfy the subjective component of the failure to protect analysis, "the defendant must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and *he must also draw the inference*." *Schoelch*, 625 F.3d at 1046 (emphasis added); *Prater v. Dahm*, 89 F.3d 538, 541 (8th Cir. 1996) (same); *see also Norman v. Schuetzle*, 585 F.3d 1097, 1108 (8th Cir. 2009) (explaining that a failure to protect claim cannot be based on mere negligence).

Finally, Plaintiff argues that Defendants are responsible for the May 15, 2009 attack because they had actual notice, through Plaintiff's emergency grievances and oral complaints, that he had "homicidal thoughts" when housed with other inmates. *See* docket entries #3, #7, #40, and #41. However, this argument overlooks the *undisputed* fact that Williams attacked Plaintiff, and not the other way around. In fact, Plaintiff concedes in his affidavit and deposition testimony that he did not provoke Williams and that the attack was a complete surprise. *See* docket entry #37, Ex. 4; docket entry #41, Ex. N. Thus, Plaintiff's alleged homicidal thoughts did not play any role in the May 19, 2009 fight with Williams.

Further, as explained in Defendant Jackson's affidavit, many prisoners prefer to be housed by themselves, but there are not enough single-man cells to do so. *See* docket entry #37, Ex. 3. Prisoners should not be allowed to manipulate themselves into such a scarce housing assignment by making general threats of violence. *See Jackson,* 140 F.3d at 1152 (explaining that prison officials are entitled to deference in failure to protect cases because "prisons are dangerous places, housing the most aggressive among us and placing violent people in close quarters").

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' Motion for Summary Judgment (docket entry #35) be GRANTED, and that this case be DISMISSED, WITH PREJUDICE.

2. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 31st day of January, 2011.

_____
UNITED STATES MAGISTRATE JUDGE